UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| REGINALD KIBBY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 4:07CV1123 DJS |
| | ) |
| MIKE KEMNA, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on petitioner's motion to appoint counsel and motion to stay proceedings pending exhaustion. Both motions shall be denied without prejudice.

### Motion to Appoint Counsel

"A pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case." Stevens v. Redwing, 146 F.3d 538, 546 (8th Cir. 1998). When determining whether to appoint counsel for an indigent litigant, the Court considers relevant factors, such as the complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present his or her claim. Id.

After reviewing these factors, the Court finds that the appointment of counsel is not warranted at this time. This case is not unusually complex, and petitioner has not alleged that he is hindered from investigating the facts of this case. Consequently, the motion shall be denied without prejudice.

**Motion to Stay Pending Exhaustion**

According to the document attached to the motion, petitioner's state post-conviction relief motion was denied by the trial court on March 7, 2006. The trial court's decision was affirmed by the Missouri Court of Appeals on January 16, 2007. Petitioner then filed a "Motion to Reinstate Rule 29.15 Motion" on March 7, 2007, in the trial court. The trial court found that petitioner's motion to reinstate was successive and dismissed it pursuant to Mo. R. Crim. P. 29.15(*l*), which prohibits successive motions. Petitioner's appeal from the trial court's dismissal of his motion to reinstate is now pending before the Missouri Court of Appeals. Petitioner moves this Court to stay this case until his appeal is decided.

Under 28 U.S.C. § 2244(d)(1), a state prisoner has one year from the date on which his or her judgment became final to file a § 2254 petition. Under 28 U.S.C. § 2244(d)(2), "[t]he time during which a *properly filed* application for State post-conviction . . . review" is not counted against the one-year statute of limitations. (Emphasis added).

The Court does not find that petitioner has put forth sufficient reasons to justify a stay of this case at this time. It is not clear to the Court that petitioner's appeal is a "properly filed" application for state post-conviction relief. As a result, it does not appear that the petition is "mixed," i.e., containing both exhausted and unexhausted claims.

The Court finds that judicial economy is best served by ordering respondent to respond to the petition, which the Court shall do in a separate Order. If it appears, based on respondent's response, that the petition is "mixed," the Court will then consider the propriety of staying this case pursuant to Rhines v. Weber, 544 U.S. 269, 125 S.Ct. 1528 (2005). Consequently, the motion to stay shall be denied without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion to appoint counsel [Doc. #3] is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that petitioner's motion to stay proceedings pending exhaustion [Doc. #4] is **DENIED** without prejudice.

Dated this  26th  day of June, 2007.

/s/Donald J. Stohr
UNITED STATES DISTRICT JUDGE