UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

REGINALD KIBBY,                    )
                                   )
            Petitioner,            )
                                   )
        vs.                        )        No. 4:07CV1123-DJS
                                   )
MIKE KEMNA,                        )
                                   )
            Respondent.            )


ORDER

This matter is before the Court on the report and recommendation of the United States magistrate judge [Doc. #20], recommending denial of petitioner Reginald Kibby's petition for writ of habeas corpus [Doc. #1], and petitioner's objections thereto [Doc. #25]. Pursuant to 28 U.S.C. § 636, the Court will conduct a de novo review of those portions of the report and recommendation to which specific objections are made.

**Procedural Background**

On August 27, 1999, a jury in the Circuit Court of the City of St. Louis, Missouri convicted petitioner of murder in the first degree, armed criminal action, and robbery in the first degree, arising out of the brutal stabbing, killing, and robbery of a pawn shop owner on October 29, 1996. Doc. #15, Ex. B, pp. 53-55. On October 18, 1999, petitioner was sentenced to concurrent terms of life imprisonment without eligibility for probation or parole for the murder conviction and twenty-five years for both the armed

criminal action conviction and the robbery conviction. Id. at pp. 67-68.

On direct appeal, petitioner alleged that the trial court abused its discretion by "overruling his motion to declare one of the State's witnesses incompetent to testify," "allowing the State to voir dire on the issue of immunity of prosecution for a witness in exchange for truthful testimony," "permitting the State to read at trial the police statement and deposition answers given by a witness as prior inconsistent statements," and "overruling [petitioner's] objection to the State's closing argument that no evidence had been presented to show that [petitioner] was not guilty and did not commit the crimes." Doc. #15, Ex. E, p. 2. The Missouri Court of Appeals affirmed the judgment on November 14, 2000. State v. Kibby, 33 S.W.3d 656 (Mo. Ct. App. 2000) (summary order) (per curiam); Doc. #15, Ex. E (supplemental opinion).

Petitioner filed a pro se motion for post-conviction relief on April 16, 2001, and, after appointment of counsel, an amended motion on September 28, 2001. Doc. #15, Ex. F. Petitioner alleged three claims of ineffective assistance of counsel for failing to object when the prosecutor made a reference to petitioner's previous mistrial, failing to object when the prosecutor incorrectly defined the term "deliberation" during closing arguments, and failing to object when the prosecutor argued his case in opening statements. Id. at pp. 26-40. On March 7, 2006, the circuit court denied the motion without a hearing. Id.

at pp. 46-47.  The Missouri Court of Appeals affirmed the denial of petitioner's post-conviction relief motion.  Kibby v. State, 211 S.W.3d 639 (Mo. Ct. App. 2007) (summary order) (per curiam; Doc. #15, Ex. I (supplemental opinion).

In February 2007, petitioner filed a motion with the state post-conviction court seeking to reinstate his pro se motion for post-conviction relief, arguing that his post-conviction relief counsel abandoned him by failing to raise his pro se grounds in the amended motion.  Doc. #17, p. 3.  On April 6, 2007, the circuit court denied the motion, finding that petitioner's motion to reinstate constituted a successive post-conviction relief motion, which the court was prohibited from considering by state law.  Id. at p. 16.

The magistrate succinctly summarized the evidence at trial as follows:

> [O]n October 29, 1996, petitioner and his counsin, Charles Lowery, were smoking crack cocaine[,] and petitioner wanted to get some more.  They went to a pawn shop to get a loan.  At the pawn shop, petitioner stabbed Leroy McCollough, the shop's owner, to death over a thirty-minute period because McCollough would not accept a cell phone as collateral for a loan.  During that period, McCollough pleaded for his life and offered petitioner cocaine.  After pocketing the cocaine, petitioner stabbed McCollough again and told him "shut up die mother fucker."
> Petitioner then stole McCollough's money, drugs, and other items from the pawn shop.  He put his bloody clothes in a pillowcase, washed his hands, put on a new shirt, stole McCollough's shoes, and left.  He threw the murder weapon onto the roof of an abandoned building.
> Lowery panicked when they returned to petitioner's house.  Petitioner told him to calm down or "he would get the same thing."  Petitioner remembered that he had

forgotten something at the pawn shop. After the police left, he went and retrieved a bag. He then went back to his house and got high. He later told his wife that he killed McCollough; also, she noticed blood on his clothes when he returned from the pawn shop after the murder.

Robert Taylor, petitioner's brother-in-law, testified at trial that in August 1996, petitioner suggested robbing McCollough in his shop. On the morning of the first day of trial, petitioner told Taylor to lie about a hat found under McCollough's body so that petitioner "could get a mistrial." Petitioner also gave Lowery an affidavit to sign recanting his earlier statements to the police incriminating petitioner.

Petitioner also told Craig Suddoth, a fellow prisoner, that if he was released he was going to kill anyone who knew he committed the murder in order to keep them silent. Petitioner specifically referred to killing his wife, his girlfriend, and his mother-in-law.

Doc. #20, pp. 2-3.

## Instant Petition

The instant petition for writ of habeas corpus was filed in the United States District Court for the Western District of Missouri and transferred to this Court on June 11, 2007. Petitioner raises ten bases for relief pursuant to 28 U.S.C. § 2254:

1.  Petitioner was denied due process because the trial court erred in finding his wife to be a competent witness.

2.  Petitioner was denied due process and a fair trial when the trial court allowed the prosecution to voir dire the venire regarding immunity from prosecution for witnesses in exchange for truthful testimony.

3. Petitioner was denied due process and a fair trial when the trial court allowed the prosecutor to read portions of Craig Suddoth's prior inconsistent statements.

4. Petitioner was denied due process and a fail trial when the trial court allowed the prosecutor's closing argument that petitioner had not presented any evidence to show that he was not guilty or that he did not commit the crimes.

5. Petitioner received ineffective assistance of counsel when his trial counsel failed to object when the prosecutor referred to a previous mistrial.

6. Petitioner received ineffective assistance of counsel when his trial counsel failed to object to the prosecutor's definition of the term "deliberation" in closing argument.

7. Petitioner received ineffective assistance of counsel when his post-conviction counsel failed to raise in the amended post-conviction relief motion a claim that trial counsel was ineffective for failing to investigate potentially exculpatory evidence involving blood found on petitioner's jeans.

8. Petitioner received ineffective assistance of

counsel when his post-conviction counsel failed to raise in the amended post-conviction relief motion a claim that trial counsel was ineffective for failing to object to a police officer's testimony that he had read petitioner his Miranda rights.

9. Petitioner received ineffective assistance of counsel when his post-conviction counsel failed to raise in the amended post-conviction relief motion a claim that trial counsel was ineffective for failing to move for a mistrial when petitioner's wife testified that her testimony was coerced by threats.

10. Petitioner received ineffective assistance of counsel when his post-conviction counsel failed to raise in the amended post-conviction relief motion a claim that trial counsel was ineffective for failing to investigate the lack of a court order authorizing the video deposition of Charles Lowery.

Doc. #1. The magistrate issued his report and recommendation on August 20, 2010, in which he analyzes these ten grounds for relief. After a thorough analysis, the magistrate recommends that petitioner's writ of habeas corpus be denied.

**Standard of Review**

As stated above, pursuant to 28 U.S.C. § 636(b)(1), the

Court gives de novo consideration to those portions of the report and recommendation to which objections are made. In order to trigger such review, the objections must be sufficiently specific, addressing particular findings or conclusions of the magistrate or asserting specific allegations of error. See, e.g., Nabors v. United States, 929 F.2d 354, 355 (8th Cir. 1990); Thompson v. Nix, 897 F.2d 356, 357-58 (8th Cir. 1990); Branch v. Martin, 886 F.2d 1043, 1046 (8th Cir. 1989) (citing Goney v. Clark, 749 F.2d 5, 7 (3d Cir. 1984)). "[P]roviding a complete de novo determination where only a general objection to the report is offered would undermine the efficiency the magistrate system was meant to contribute to the judicial process." Goney, 749 F.2d at 7.

Habeas relief may not be granted by a federal court on a claim that has been decided on the merits in state court unless that adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2). A decision is contrary to federal law when it is opposite to the Supreme Court's conclusion on a question of law, or different from the Court's conclusion on a set of materially indistinguishable facts. Williams v. Taylor, 529 U.S. 362, 379 (2000). An "unreasonable application" is one that,

"evaluated objectively and on the merits, resulted in an outcome that cannot reasonable be justified under existing Supreme Court precedent," James v. Bowersox, 187 F.3d 866, 869 (1999) (quoting Long v. Humphrey, 184 F.3d 758, 760 (8th Cir. 1999)), or that unreasonably refuses to extend a legal principle to a new context where it should apply, Carter v. Kemna, 255 F.3d 589, 592 (8th Cir. 2001). A state court's factual findings are presumed to be correct. 28 U.S.C. § 2254(e)(1); Whitehead v. Dormire, 340 F.3d 532, 536 (8th Cir. 2003). Clear and convincing evidence that factual findings lack evidentiary support is required to overcome that presumption. Id.

**Petitioner's Objections**

Petitioner objects to the magistrate's analysis of each of the ten grounds for relief. The Court will review each objection according to the standard set out above.

**Grounds 7, 8, 9, and 10**

In Grounds 7, 8, 9, and 10 petitioner asserts that he received ineffective assistance of counsel when his post-conviction counsel failed to pursue several claims in petitioner's amended motion for post-conviction relief. The magistrate's report recommends denial of these grounds, finding that the grounds are not cognizable because post-conviction counsel's ineffectiveness cannot provide the basis for habeas relief under 28 U.S.C. § 2254(i). In his objections to the magistrate's report, petitioner

argues that the magistrate erred in failing to recognize case law in the Eighth Circuit allowing claims of ineffective assistance of post-conviction counsel in circumstances of abandonment. Petitioner cites <u>Shands v. Purkett</u>, 211 F.3d 1077 (8th Cir. 2000), <u>White v. Bowersox</u>, 206 F.3d 776 (8th Cir. 2000), and <u>Mack v. Caspari</u>, 92 F.3d 637 (8th Cir. 1996), to support his argument. The Court will conduct a de novo review of petitioner's specific objection on this issue.

"It is well settled that '[t]here is no constitutional right to an attorney in state post-conviction proceedings.'" <u>Mack</u>, 92 F.3d at 640 (quoting <u>Coleman v. Thompson</u>, 501 U.S. 722, 752 (1991)). Consequently, "a petitioner cannot claim constitutionally ineffective assistance of counsel in such proceedings." <u>Id.</u> This rule is codified in the federal habeas statute: "The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254." 28 U.S.C. § 2254(i). Despite petitioner's argument to the contrary, <u>Shands</u>, <u>White</u>, and <u>Mack</u>, do not provide an exception to this rule. Because petitioner has no constitutional right to effective post-conviction counsel, his post-conviction counsel's abandonment of certain claims cannot provide him with any relief. Thus, the magistrate did not error in finding that petitioner's Grounds 7, 8, 9, and 10 are not cognizable.

To the extent that petitioner's pro se arguments can be

liberally construed to assert abandonment as an excuse for procedural default of the underlying claims in Grounds 7, 8, 9, and 10, in that the state circuit court erred when it found that he had failed to show that his post-conviction relief counsel abandoned him, this argument fails.  See Clemmons v. Delo, 124 F.3d 944, 947 (8th Cir. 1997) (stating that omission of issues from post-conviction motion by post-conviction counsel "cannot be 'cause' to excuse a procedural default"); see also Schleeper v. Groose, 36 F.3d 735, 737 (8th Cir. 1994); Jolly v. Gammon, 28 F.3d 51, 54 (8th Cir. 1994); Nolan v. Armontrout, 973 F.2d 615, 616-17 (8th Cir. 1992).  Furthermore, to the extent that petitioner's pro se arguments can be liberally construed to claim that the state court erred in finding that his post-conviction counsel did not abandon him, this argument also fails.  See Schleeper, 36 F.3d at 737 (holding that "[a] federal court may not re-examine a state court's interpretation and application of state law); Smith v. Lockhart, 882 F.2d 331, 334 (8th Cir. 1989) (finding no due process violation where petitioner "alleged violation of a state rule concerning post-conviction proceedings, an area in which a defendant is not necessarily afforded constitutional protections").

**Ground 1**

In Ground 1, petitioner asserts that the trial court erred in overruling his motion to declare his wife to be incompetent to testify, in violation of the Fourteenth Amendment.

His specific objection to the magistrate's report, recommending denial of this ground, is that the magistrate's recommendation conflicts with the Eighth Circuit's opinion in <u>Newton v. Kemna</u>, 354 F.3d 776 (8th Cir. 2004). Thus, the Court will conduct a de novo review of Ground 1 as it relates to <u>Newton</u>.

In <u>Newton</u>, the habeas petitioner claimed that the Missouri trial court erred in finding a witness competent to testify. 354 F.3d at 782. The Missouri Court of Appeals upheld the trial court's finding. In the federal habeas proceeding, the district court denied the claim, holding that the petitioner had not pled a constitutional violation or shown why the state trial court's decisions were contrary to, or an unreasonable application of, clearly established federal law as determined by the Supreme Court. The Eighth Circuit held that "[t]he district court's conclusion was quite clearly correct." <u>Id.</u> at 783.

As in <u>Newton</u>, the Missouri courts' resolution of petitioner's competency motion were based entirely on state law. The trial court applied state law in finding petitioner's wife competent, and the appellate court applied state law in upholding that decision.

In conducting habeas review of a state court conviction under § 2254, the Court is "limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." <u>Estelle v. McGuire</u>, 502 U.S. 62, 67 (1991). This limitation prevents the Court from reexamining state-court

determinations on state-law questions. <u>Id.</u> "A state court's evidentiary rulings can form the basis for federal habeas relief under the due process clause only when they were so conspicuously prejudicial or of such magnitude as to fatally infect the trial and deprive the defendant of due process." <u>Bounds v. Delo</u>, 151 F.3d 1116, 1119 (8th Cir. 1998) (quoting <u>Parker v. Bowersox</u>, 94 F.3d 458, 460 (8th Cir. 1996)).

As in <u>Newton</u>, petitioner fails to plead a constitutional violation arising out of this state-law evidentiary ruling. While he argues that the state courts' rulings were wrong and generally cites the Fourteenth Amendment, he does not argue that the alleged errors fatally infected the trial so as to deprive him of due process. Furthermore, the Supreme Court case petitioner cites, <u>Putnam v. United States</u>, 162 U.S. 687 (1896), is inapposite. The <u>Putnam</u> holding cited by petitioner concerns the proper use of prior statements in examining a witness, not the mental competency of witnesses. <u>Id.</u> at 691-707.

In sum, petitioner has not shown why the state courts' decisions finding his wife competent to testify "were contrary to, or an unreasonable application of, clearly established federal law as determined by the Supreme Court." <u>Newton</u>, 354 F.3d at 783. Furthermore, the state courts' decisions were not based on an unreasonable determination of the facts in light of the evidence. Accordingly, the Court will overrule petitioner's objection and adopt the magistrate's report and recommendation as to Ground 1.

**Ground 2**

In Ground 2, petitioner asserts that he was denied a fair trial when the trial court allowed the prosecution to voir dire on the issue of a witness's immunity from prosecution in exchange for truthful testimony. Petitioner objects to the magistrate's report and recommendation, arguing that the state court's rejection of the argument asserted in Ground 2 was contrary to or an unreasonable application of <u>Darden v. Wainwright</u>, 477 U.S. 168 (1986). Specifically, he argues that the prosecutor's questioning amounted to improper vouching that so infected the trial with unfairness as to make the resulting conviction a denial of due process. Thus, the Court will conduct a de novo review of Ground 2 as it relates to <u>Darden</u> and the issue of improper vouching.

In <u>Darden</u>, the Supreme Court indicated that in a § 2254 habeas case involving an allegation of improper remarks by a prosecutor during closing argument, "[t]he relevant question is whether the prosecutors' comments 'so infected the trial with unfairness as to make the resulting conviction a denial of due process.'" <u>Id.</u> at 181 (quoting <u>Donnelly v. DeChristoforo</u>, 416 U.S. 637 (1974)). The prosecutors' comments in <u>Darden</u> "implied that the death penalty would be the only guarantee against" defendant committing a similar murder in the future, referred to the defendant as an "animal," and reflected the prosecutor's emotional reaction to the case. <u>Id.</u> at 180. Under the facts presented in

<u>Darden</u>, the Supreme Court found that the prosecutors' comments did not deprive the defendant of a fair trial. <u>Id.</u> at 182-83.

The Missouri courts' decisions in this case are not contrary to or an unreasonable application of the Supreme Court's decision in <u>Darden</u>, which is distinguishable because it involved allegedly improper comments during closing arguments, not alleged improper vouching. Furthermore, the Court finds that petitioner's claim lacks merit because the prosecution's referral to witness immunity during voir dire did not so infect the trial with unfairness as to make the resulting conviction a denial of due process. <u>See</u> <u>United States v. Ortiz</u>, 315 F.3d 873, 895-96 (8th Cir. 2002) (holding that voir dire inquiry into use of immunized testimony was within the broad discretion afforded to trial courts conducting voir dire); <u>see</u> <u>also</u> <u>United States v. Roundtree</u>, 534 F.3d 876, 880-81 (8th Cir. 2008); <u>United States v. Plumley</u>, 207 F.3d 1086, 1093-94 (8th Cir. 2000). Accordingly, the Court will overrule petitioner's objection and adopt the magistrate's report and recommendation as to Ground 2.

**Ground 3**

In Ground 3, petitioner asserts that the trial court erred in allowing the prosecution to introduce Craig Suddoth's prior inconsistent statements when Suddoth refused to testify at trial. Petitioner objects to the magistrate's finding that, if the trial court's evidentiary rulings were erroneous, they were not so

14

conspicuously prejudicial as to implicate the Due Process Clause. Thus, the Court will conduct a de novo review of Ground 3 as to this finding.

As previously stated, the Court is "limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States," Estelle, 502 U.S. at 67-68. Thus, the Court generally cannot reexamine state-court determinations on state-law questions, id., but, "[a] state court's evidentiary rulings can form the basis for federal habeas relief under the due process clause only when they were so conspicuously prejudicial or of such magnitude as to fatally infect the trial and deprive the defendant of due process." Bounds, 151 F.3d at 1119 (quoting Parker, 94 F.3d at 460).

Having conducted a de novo review of the record, the Court agrees with the magistrate's conclusion that, even assuming the trial court's evidentiary rulings were erroneous, they were not so prejudicial as to implicate due process. Petitioner was given the opportunity to extensively cross-examine Suddoth regarding the statements, and Suddoth's behavior on the witness stand in regard to his prior statements only enhanced petitioner's ability to impeach his credibility. Accordingly, the Court will overrule petitioner's objection and adopt the magistrate's report and recommendation with respect to Ground 3.

**Ground 4**

In Ground 4, petitioner asserts that the trial court erred in allowing the prosecutor's closing argument that petitioner had not presented any evidence that he was "not guilty." Petitioner objects to the magistrate's finding that there was an abundance of evidence pointing to petitioner's guilt, such that the prosecutor's few improper comments did not render petitioner's conviction a denial of due process. Thus, the Court will conduct a de novo review of Ground 4 as to this finding.

Having conducted a de novo review of the record, the Court agrees with the magistrate's conclusion that the state court's decision was not contrary to or an unreasonable application of federal law. Furthermore, the Court agrees with the magistrate that there was sufficient evidence of petitioner's guilt, such that any unfairness of the prosecutor's brief comments did not infect the trial with enough unfairness to render petitioner's conviction a denial of due process. Accordingly, the Court will overrule petitioner's objection and adopt the magistrate's report and recommendation with respect to Ground 4.

**Grounds 5 and 6**

In Grounds 5 and 6, petitioner asserts that he received ineffective assistance of trial counsel. To prevail on a claim of ineffective assistance of counsel, petitioner must show that his counsel's performance was deficient as a matter of constitutional

law and that petitioner was prejudiced by the deficient performance. Strickland v. Washington, 466 U.S. 668, 687 (1984). A constitutionally deficient performance is one that falls "outside the wide range of professionally competent assistance." Id. at 690. A defendant is prejudiced by deficient performance if "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. "There is a strong presumption that counsel's strategic choices were reasonable." Forsyth v. Ault, 537 F.3d 887, 891 (8th Cir. 2008) (citing McGurk v. Stenberg, 163 F.3d 470, 473 (8th Cir. 1998)). In rejecting petitioner's ineffective assistance of counsel claims in this case, the state trial court and the Missouri Court of Appeals applied Missouri cases that apply the same standard as the Strickland standard set forth above. Accordingly, the Court will defer to the state court's decision unless the decision was contrary to or an objectively unreasonable application of Strickland. See Early v. Packer, 537 U.S. 3, 7 (2002) (per curiam); Cox v. Burger, 398 F.3d 1025, 1030 (8th Cir. 2005); see also Middleton v. McNeil, 541 U.S. 433, 436 (2004); Williams v. Taylor, 529 U.S. 362, 379 (2000).

In Ground 5, petitioner asserts that his trial counsel was ineffective inasmuch as his counsel failed to object when the prosecutor referred to a previous mistrial while examining a witness. His specific objection to the magistrate's report, recommending denial of this ground, contends that the magistrate's

17

decision conflicts with <u>Burns v. Gammon</u>, 260 F.3d 892 (8th Cir. 2001), and <u>Murray v. Carrier</u>, 477 U.S. 478 (1986). Petitioner asks the Court to consider his claim under these cases. Thus, the Court will conduct a de novo review of Ground 5 in regard to <u>Burns</u> and <u>Murray</u>.

In <u>Burns</u>, the Eighth Circuit found a counsel's failure to object to a prosecutor's statement during closing argument to be ineffective assistance of counsel under <u>Strickland</u> when the prosecutor suggested that the defendant be more severely punished for putting a rape victim through the ordeal of testifying at trial. 260 F.3d at 896-98. The court reasoned that failure to object to this statement infected the trial with constitutional error because the prosecutor's statement attempted to use the defendant's exercise of his constitutional rights to a jury trial and to confront witnesses against him. <u>Id.</u> at 897. In <u>Murray</u>, the Supreme Court addressed "whether a federal habeas petitioner can show cause for a procedural default by establishing that competent defense counsel inadvertently failed to raise the substantive claim of error rather than deliberately withholding it for tactical reasons." 477 U.S. at 481-82.

As stated above, petitioner asserted this failure-to-object argument in his post-conviction motion in state court. The state court concluded that petitioner was not prejudiced by his trial counsel's failure to object. This conclusion is entitled to deference under the statutory standard of review that applies to

conclusions reached by state courts.

The Court has carefully reviewed the record in this matter and finds that the state court's decision to deny Ground 5 was not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding, 28 U.S.C. § 2254(d)(2), and the determination was not contrary to or an unreasonable application of clearly established federal law, 28 U.S.C. § 2254(d)(1). The <u>Burns</u> case is distinguishable. In that case, the prosecutor's improper comments explicitly attempted to use the petitioner's exercise of constitutional rights against him. The allegedly improper comments cited by petitioner did not use his exercise of constitutional rights against him. The allusion to a prior mistrial in a question that went unanswered and was quickly replaced by an alternate question did not infect petitioner's trial with constitutional error. The <u>Murray</u> case is completely inapplicable because petitioner's claim was not procedurally defaulted. In conclusion, Ground 5 fails and petitioner's objection will be overruled because the state court properly determined that petitioner was not prejudiced by his counsel's performance in not objecting to the prosecutor's question, and the Court will adopt the magistrate's analysis of this issue.

In Ground 6, petitioner asserts that his trial counsel was ineffective inasmuch as he failed to object to the prosecutor's definition of "deliberation" in closing argument. His specific objection to the magistrate's report, recommending denial of this

ground, contends that the magistrate's decision conflicts with Copeland v. Washington, 232 F.3d 969 (8th Cir. 2000). Thus, the Court will conduct a de novo review of Ground 6 in regard to Copeland.

In Copeland, the Eighth Circuit found an improper closing argument during the penalty phase of the trial to reach the level of constitutional error when the prosecutor referred to facts not in evidence, drew a comparison to violent drug gangs, and made personal references to his and the defense attorney's sons, such that the argument would result in "mob justice" rather than reasoned deliberation. Id. at 975. With regard to the guilt phase in Copeland, the Eighth Circuit found no constitutional error when the prosecutor stated that the case was the strongest case for a finding of "deliberation" and the worst crime as had ever existed in Missouri. Id. The court reasoned that, although the remarks were highly improper, the result would not have been any different because of the strong evidence of the defendant's guilt. Id.

As stated above, petitioner asserted this failure-to-object argument in his post-conviction motion in state court. The state court concluded that petitioner was not prejudiced by his trial counsel's failure to object. This conclusion is entitled to deference under the statutory standard of review that applies to conclusions reached by state courts.

The Court has carefully reviewed the record in this matter and finds that the state court's decision to deny Ground 6

was not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding, 28 U.S.C. § 2254(d)(2), and the determination was not contrary to or an unreasonable application of clearly established federal law, 28 U.S.C. § 2254(d)(1). Furthermore, the magistrate's recommendation does not conflict with <u>Copeland</u>. As in <u>Copeland</u>, even assuming that the prosecutor's arguments regarding the deliberation element were improper, there was sufficient evidence of petitioner's guilt that any prejudice caused by the prosecutor's argument was not significant enough to create a constitutional error. In conclusion, Ground 6 fails and petitioner's objection will be overruled because the state court properly determined that petitioner was not prejudiced by his counsel's performance in not objecting to the prosecutor's argument, and the Court will adopt the magistrate's analysis of this issue.

### Conclusion

This Court has reviewed the record, the petition, the magistrate judge's report and recommendation, and petitioner's objections thereto. The Court finds that the report and recommendation sets forth a correct analysis of the issues raised in the petition. Petitioner's objections to the report and recommendation are without merit and are denied in their entirety, and the Court will adopt the report and recommendation of the magistrate judge. Accordingly,

**IT IS HEREBY ORDERED** that petitioner's objections to the report and recommendation [Doc. #25] are overruled.

**IT IS FURTHER ORDERED** that the magistrate judge's report and recommendation [Doc. #20] is hereby accepted and adopted.

**IT IS FURTHER ORDERED** that the petition of Reginald Kibby for a writ of habeas corpus under 28 U.S.C. § 2254 [Doc. #1] is denied.

**IT IS FURTHER ORDERED** that no certificate of appealability shall be issued.

Dated this ___29th___ day of December, 2010.

/s/ Donald J. Stohr
UNITED STATES DISTRICT JUDGE