UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| REGINALD KIBBY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 4:07CV1123 ERW |
| ) | |
| MIKE KEMNA, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Petitioner Reginald Kibby's Motion for Relief Under Federal Rule of Civil Procedure 60(b) [ECF No. 44].  Petitioner is seeking reconsideration of the Court's Order and Judgment, dated December 29, 2010, that denied his § 2254 motion and denied him a certificate of appealability [ECF Nos. 28, 29].

In his Motion, Petitioner asks that the Court review four of the ten grounds for relief alleged in his §2254 motion, specifically grounds 7-10.  In those grounds, Petitioner alleged that he received ineffective assistance of counsel when his post-conviction counsel failed to raise in the amended post-conviction relief motion a claim that his trial counsel was ineffective for:  7) failing to investigate potentially exculpatory evidence involving blood found on Petitioner's jeans; 8) failing to object to a police officer's testimony that he had read Petitioner his Miranda rights; 9) failing to move for a mistrial when Petitioner's wife testified that her testimony was coerced by threats; and 10) failing to investigate the lack of a court order authorizing the video deposition of Charles Lowery.

Petitioner argues that he is entitled to relief under three subsections of Rule 60(b) because the judgment is void; the judgment has been satisfied, released or discharged, or it is no longer equitable that the judgment should have prospective application; and any other reason justifying

relief from judgment [ECF No. 44].

**I. BACKGROUND**

On August 27, 1999, a jury in the Circuit Court of the City of St. Louis, Missouri, convicted Petitioner of murder in the first degree, armed criminal action, and robbery in the first degree, arising out of the brutal robbery, stabbing, and killing of a pawn shop owner on October 29, 1996 [ECF No. 28].  Thereafter, Petitioner was sentenced to concurrent terms of life imprisonment, without eligibility for probation or parole, for the murder conviction; and to twenty-five years for both the armed criminal action conviction and the robbery conviction. Petitioner appealed his conviction and sentence, but the Missouri Court of Appeals, Eastern District, affirmed the judgment on November 14, 2000.  *State v. Kibby*, 33 S.W.3d 656 (Mo. Ct. App. 2000).  Petitioner filed a pro se motion, later amended by appointed counsel, for post-conviction relief.  Petitioner's motion was denied without an evidentiary hearing by the motion court; and the state appellate court affirmed the motion court's denial on January 16, 2007. *Kibby v. State*, 211 S.W.3d 639 (Mo. Ct. App. 2007).

Thereafter, Petitioner filed a motion with the state post-conviction court, seeking to reinstate his pro se motion for post-conviction relief, and arguing that his post-conviction relief counsel abandoned him by failing to raise his pro se grounds in the amended motion. [ECF No. 17].  Petitioner's motion was denied on April 6, 2007, with a finding that his motion to reinstate constituted a successive motion for post-conviction relief, a request which the motion court was prohibited from considering by state law.

Petitioner subsequently filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in the United States District Court for the Western District of Missouri; his action was transferred to this Court on June 11, 2007 [ECF Nos. 1, 7, 28].  The case was assigned to a

2

Magistrate Judge, who issued a report and recommendation analyzing the ten grounds for relief asserted by Petitioner, and recommending that Petitioner's writ of habeas corpus be denied [ECF No. 20].

After Petitioner objected to the magistrate's analysis as to each of the ten grounds, the District Court Judge reviewed the report and recommendation de novo [ECF No. 28]. On December 29, 2010, the Court overruled Petitioner's objections, accepted and adopted the magistrate's report and recommendation, denied Petitioner's petition for writ of habeas corpus, and ordered that no certificate of appealability be issued [ECF Nos. 28, 29]. Specifically, as to the Petitioner's claims of ineffective assistance of post-conviction counsel set forth in Grounds 7, 8, 9, and 10 of his petition, the Court found that the magistrate did not err in finding these grounds not cognizable, because ineffectiveness of post-conviction counsel cannot provide a basis for relief under 28 U.S.C. § 2254(i). The Court stated, "Furthermore, to the extent that petitioner's pro se arguments can be liberally construed to claim that the state court erred in finding his post-conviction counsel did not abandon him, this argument also fails" [ECF No. 28].

Thereafter, Petitioner filed an Application for a Certificate of Appealability with the Eighth Circuit Court of Appeals. After careful review of the district court's original file, the Eighth Circuit denied Petitioner's application [ECF No. 40]. On July 14, the Eighth Circuit denied Petitioner's request for rehearing by the panel, and for rehearing en banc, and it issued its Mandate on July 21, 2011 [ECF Nos. 41, 42].

## II. STANDARD OF REVIEW: RELIEF UNDER FEDERAL CIVIL RULE OF PROCEDURE 60(b)

Federal Civil Rule of Procedure 60 prescribes the practice in proceedings to obtain relief for a judgment or order. On motion and just terms, the court may relieve a party from a final judgment. Fed. Civ. R. P. 60(b). The reasons listed in Rule 60(b) include mistake, inadvertence,

3

surprise, or excusable neglect; newly discovered evidence that, with reasonable diligence could not have been discovered in time to moved for a new trial under Rule 59(b); and fraud, misrepresentation, or misconduct by an opposing party. Fed.Civ. R. P. 60(b)(1)-(3).

Under Rule 60(b), the Court also may relieve a party from a final judgment on the grounds that the judgment is void; that the judgment has been satisfied, released or discharged; that the judgment is based on an earlier judgment that has been reversed or vacated; or that applying the judgment prospectively is not longer equitable. Fed. Civ. R. P. 60(b)(4)-(5). The Court may also may set aside a judgment for any other reason that justifies relief. Fed. Civ. R. P. 60(b)(6). While Rule 60(b)(6) grants courts considerable equitable power to achieve justice, it is invoked only in "extraordinary circumstances." *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005).

Petitioner asserts that he is entitled to relief under these last three subsections of Rule 60(b), asking this Court to reconsider Grounds 7-10 of his § 2254 motion, "in light of the United States Supreme Court Case: Luis Mariano Martinez, petitioner vs. Charles L. Ryan, Director, Arizona Department of Corrections" [ECF No. 44]. Consequently, the Court construes Petitioner's argument to be a challenge to the district court's determination that his claims were procedurally defaulted. With this construction in mind, the Court finds that Petitioner is not entitled to relief under subsection (4) of Rule 60(b), because the December 29, 2010 Judgment is not void; and the district court did not lack jurisdiction of the subject mater or over the parties, or act in a manner inconsistent with due process of law. *Chambers v. Armontrout*, 16 F.3d 257, 260 (8th Cir. 1994).

### III. DISCUSSION

Absent a right to counsel in a collateral proceeding, an attorney's errors in that proceeding do not establish cause for a prisoner's procedural default of claims of ineffective assistance of

4

trial counsel. *Coleman v. Thompson*, 501 U.S. 722, 754-55 (1991). In the *Martinez* case cited by Petitioner as entitling him to relief under subsections (4)-(6) of Rule 60(b), the Supreme Court considered a constitutional law question left open by its decision in *Coleman*: "whether a prisoner has a right to effective counsel in collateral proceedings which provide the first occasion to raise a claim of ineffective assistance at trial." *Martinez v. Ryan*, 132 S.Ct. 1309, 1315 (2012). The Court used the term "initial-review collateral proceedings" to refer to proceedings held in states, such as Arizona, that do not permit convicted persons alleging ineffective assistance of trial counsel to raise such claims on direct review, and instead require prisoners to assert their claims in state collateral proceedings. *Id.* at 1313, 1315. The Court qualified *Coleman* "by recognizing a narrow exception: Inadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." *Id*. at 1315.

To the extent Petitioner's argument can be construed as asserting that subsection (5) of Rule 60(b) entitles him to relief because the judgment denying his petition was based on *Coleman*, it fails. *Martinez* did not reverse or vacate *Coleman*, and it did not change the general rule that negligence of post-conviction counsel cannot excuse most procedural defaults. *Martinez*, 132 S.Ct. at 1315-17. The narrow exception to the procedural bar doctrine recognized by the Supreme Court in the *Martinez* decision is applicable only where the initial-review collateral proceeding is the first designated opportunity for a prisoner to raise claims of ineffective assistance at trial, and thus does not apply here. *Id*. Petitioner has availed himself of many opportunities to assert his claims: in his direct state appeal of his conviction; in his state ineffective-assistance-of-counsel proceeding; and in his § 2254 proceeding. As well, the Eighth

5

Circuit reviewed the original district court file before dismissing his appeal and denying his petitions for rehearing.

Moreover, Petitioner has not shown "extraordinary circumstances" that would justify reopening a final judgment under Rule 60(b)(6). Even if it were applicable to the Petitioner's situation, *Martinez's* narrow exception to the procedural bar doctrine is not such a supervening change in law so as to constitute an extraordinary circumstance. *See Martinez,* 132 S.Ct. at 1315; Fed. R. Civ. P. 60(b)(6). Here, Petitioner's claims of abandonment by his post-conviction relief counsel were considered and rejected by the state court. As well, after Petitioner filed his objections to the magistrate's report and recommendation, the district court liberally construed Petitioner's arguments:  1) to assert abandonment as an excuse for procedural default of the claims asserted in grounds 7-10, in that the state court erred when it found that he failed to show that his post-conviction relief counsel abandoned him; and 2) to claim that the state court erred in finding that his post-conviction counsel did not abandon him. Upon de novo review, the district court found Petitioner's arguments failed under both constructions.  This Court agrees.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner Reginald Kibby's Motion for Relief under Federal Rule of Civil Procedure 60(b) [ECF No. 44] is hereby **DENIED**.

Dated this   26th   day of September, 2012.

 

E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE